```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               02-CR-13(2)(JMR/ESS)
                05-CV-1406(JMR/JSM)
```

United States of America          )
                                  )
         v.                       )          ORDER
                                  )
Timothy K. McGruder               )

Timothy McGruder moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, his motion is denied.

I. Background

On the night of July 20, 1996, McGruder and his confederates drove around St. Paul, Minnesota. Each was armed. McGruder and his fellow passengers were members or associates of the Rolling 60s Crips gang. The Rolling 60s Crips were engaged in a gang war with the Bogus Boys. The Crips leader, Terron "Rico" Williams, ordered his gang's members to shoot Bogus Boys on sight. As they drove in St. Paul's Midway area, McGruder and his co-defendants, Keith Crenshaw and Kamil Hakeem Johnson, thought they saw a Bogus Boy's car at a gas station.

The driver, Malik Harut, dropped the three defendants off in the alley near the gas station. McGruder, Crenshaw, and Johnson went to the six-foot wooden fence alongside the gas station, reached over it, and fired their weapons into the gas station parking area where they believed the Bogus Boys to be. McGruder's gun jammed, but Crenshaw and Johnson fired at least 20 rounds. The

vehicle they saw did not contain any of the Bogus Boys, but instead it belonged to one of their girlfriends.

There was no return fire. The shooting left three women wounded, and Davisha Gillum, the four-year-old daughter of one of the women, dead. She was shot in the head and died that night.

McGruder and his companions ran back to the waiting car. They immediately sought out "Rico" Williams to tell him of the events. Each bragged about the shooting to other members and associates of the Rolling 60s gang – at least until the next day's news reports revealed they had killed an innocent child.

Eyewitnesses described the shooters as three young black males, one of whom was very light-skinned. All three defendants are African-American; Crenshaw is very light-skinned. Bullet casings recovered at the scene showed at least one of the weapons to be a rare Heckler & Koch pistol. At least one shooter had used illegal Black Talon ammunition. Trial evidence revealed that Johnson's girlfriend had both a Heckler & Koch pistol and Black Talon bullets prior to the shooting. Despite these and other leads suggesting the involvement of the Rolling 60s gang, investigators were unable to develop a triable case of Davisha Gillum's murder. Their investigation was hindered because no one involved with the gang would speak out.

The case came to the attention of the FBI Drug Task Force. After years of investigating, the Task Force and the Minnesota U.S.

Attorney's Office developed a case against the leadership of the Rolling 60s Crips. This culminated in the 2001 grand jury indictment of the gang's leadership, including "Rico" Williams and his brother Greg Hymes, along with another gang leader. The defendants were indicted on federal drug trafficking charges, including a decade-long cocaine-trafficking conspiracy. After apprehension, Williams agreed to cooperate with law enforcement, and identified Crenshaw, McGruder, and Johnson, as well as driver Harut, as the participants in the Davisha Gillum murder. McGruder, Crenshaw, and Johnson were identified as the shooters. When Harut was arrested, he admitted driving the car and confirmed the shooters' identities.

Defendants Crenshaw, McGruder, and Johnson were indicted for aiding and abetting murder in aid of racketeering activity, in violation of 18 U.S.C. §§ 2 and 1959. At trial, five witnesses testified to the identity of the shooters – Williams, Harut, Hymes, and two others who heard defendants brag about the murder. The government presented unrebutted evidence showing the Rolling 60s Crips to be a racketeering enterprise under the statute, and evidence showing defendants' acts were motivated by a desire to enter the gang, or maintain or increase their position therein.

The jury found all three defendants guilty of the charge. Each was sentenced to the statutorily prescribed term of life imprisonment. The Eighth Circuit Court of Appeals affirmed

McGruder's conviction and sentence. <u>United States v. Crenshaw</u>, 359 F.3d 977, 1005 (8th Cir. 2004). McGruder timely filed this petition.

II. <u>Analysis</u>

McGruder claims his trial counsel was ineffective for several reasons. His arguments are without merit.[1]

To prevail on his claim of ineffective assistance of counsel, McGruder must show his "counsel's representation fell below an objective standard of reasonableness" and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Counsel's reasonable strategic choices, even if ultimately unsuccessful, do not rise to the level of ineffective assistance. <u>See</u> <u>id.</u> at 689; <u>English v. United States</u>, 998 F.2d 609, 613 (8th Cir. 1993). Accordingly, the Court reviews counsel's decisions with considerable deference.

A. <u>Federal Jurisdiction</u>

McGruder claims his counsel failed to challenge federal jurisdiction at every stage of the proceedings. Even if true, the

---

[1] The Court is mindful that a petition under 28 U.S.C. § 2255 is not a substitute for direct appeal. <u>Reid v. United States</u>, 976 F.2d 446, 447 (8th Cir. 1992). Accordingly, the Court is barred from considering either matters actually raised on direct appeal, <u>see</u> <u>English v. United States</u>, 998 F.2d 609, 612-13 (8th Cir. 1993), or matters which could have been raised on direct appeal, absent a showing of cause and substantial, actual prejudice. <u>Ford v. United States</u>, 983 F.2d 897, 898-99 (8th Cir. 1992) (per curiam).

Court finds counsel's decision was neither objectively unreasonable nor prejudicial to McGruder's defense.

According to McGruder, his counsel should have moved to dismiss the indictment for lack of jurisdiction. One of his co-defendants did in fact make such a motion, which this Court denied upon recommendation by the Magistrate Judge. [Docket Nos. 58, 82, 92, 114.] McGruder's counsel then raised the jurisdictional argument on direct appeal, and the appellate court rejected it. Crenshaw, 359 F.3d at 984-87. Because the Eighth Circuit reviewed the issue de novo and decided it adversely to McGruder, he was not prejudiced by counsel's failure to raise it before this Court. Id. at 984. Having lost this issue on appeal, he may not relitigate it here in the context of a 28 U.S.C. § 2255 petition. English, 998 F.2d at 612-13.

McGruder's counsel cannot be faulted, nor was his representation ineffective for any failure to search for or elicit facts that allegedly would have supported the jurisdictional argument – for example, by contradicting the government's evidence about the structure and leadership of the Rolling 60s Crips gang. His counsel, instead, pursued a different strategy. Counsel accepted "Rico" Williams's testimony that he was the leader of the Crips, and used it both to discredit Williams's testimony against McGruder, and to suggest Williams himself had committed the murder. T. 64-67, 70. This was consistent with McGruder's defense strategy

at trial, which was to present an alibi for the time of the murder.

The Eighth Circuit has held that counsel may permissibly pursue one reasonable trial strategy to the exclusion of another. United States v. Acty, 77 F.3d 1054, 1059 (8th Cir. 1996); Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996). Counsel's choice to do so here did not render his representation ineffective.

Similarly flawed is McGruder's claim that counsel failed to interview witnesses who would have testified on the jurisdictional issue. Bald assertions that a witness would have exculpated the defendant are insufficient even to warrant an evidentiary hearing, let alone any other relief. United States v. Delgado, 162 F.3d 981, 983 (8th Cir. 1998); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). McGruder has provided neither a supporting affidavit nor any other evidence of these witnesses' potential testimony. As a result, the Court has no basis to conclude that counsel's failure to interview them rose to the level of ineffective assistance. The Court further notes the very real possibility that a number of these witnesses, even if called, might have invoked their privilege against self-incrimination. Foster v. Delo, 39 F.3d 873, 879 (8th Cir. 1994) (counsel not ineffective for, among other things, failing to call witness whose testimony at trial would have risked self-incrimination).

The same analysis holds true of McGruder's own testimony. He claims his attorney persuaded him not to testify, an assertion not

supported by the record.  Instead, the record shows he was aware of his absolute right to testify, <u>see</u> T. Voir Dire at 4, and that after discussing it with his lawyer, he expressed no opposition when his lawyer informed the Court he would not be testifying.  T. 1315.  Even were the Court to accept this argument, it is far from clear that McGruder's testimony would have affected the outcome at trial; he states only that his testimony could have "clarified" certain "issues" regarding the gang; this does not allow a finding of ineffectiveness.  <u>Delgado</u>, 162 F.3d at 983; <u>Sumlin v. United States</u>, 46 F.3d 48, 49 (8th Cir. 1995).

    B.  <u>Jury Instructions</u>

McGruder next claims counsel should have challenged the Court's jury instructions regarding the elements of the crime. Here, too, his argument fails.

An attorney's representation is not ineffective for failing to challenge correct instructions.  See <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994) (no ineffective assistance in counsel's failure to pursue meritless claim).  The Court properly instructed the jury that it needed to find that the Rolling 60s Crips engaged in drug trafficking or other racketeering activities to satisfy the "enterprise" element of 18 U.S.C. § 1959.  T. Instructions at 18-19.  And, as the Eighth Circuit recently held when it affirmed McGruder's conviction, it is entirely proper to instruct the jury that the enterprise's effect on interstate commerce need be only

minimal. Crenshaw, 359 F.3d at 985 n. 3.

Because the Court's instructions were correct as given, counsel's failure to challenge them does not amount to ineffective assistance.

    C. Indictment

Finally, McGruder claims his lawyer should have challenged the indictment because it did not charge "Rico" Williams.

Counsel is not ineffective for failing to make a meritless argument. Dyer, 23 F.3d at 1426. The grounds cited by McGruder provide no legal or factual basis to challenge the indictment. It is well established that an indictment need not charge every culpable party in order to be sufficient under the law. See, e.g., Eighth Circuit Model Jury Instructions (Criminal) § 5.06B (2003). Counsel's failure to make this argument did not render his representation ineffective.

For all of these reasons, the Court concludes that McGruder's trial counsel provided effective assistance.

    D. Certificate of Appealability

The Court has considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). In that context, the Court concludes that no issue McGruder has raised in his petition is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Petitioner has failed to make

the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

III. <u>Conclusion</u>

For these reasons, McGruder's petition under 28 U.S.C. § 2255 [Docket No. 212] is denied.  No Certificate of Appealability shall issue.

IT IS SO ORDERED.

Dated:  May 26, 2006

<u>s/ JAMES M. ROSENBAUM</u>
JAMES M. ROSENBAUM
United States Chief District Judge